Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5988 | **DATE** | August 7, 2012 |
| **CASE TITLE** | Gregory Maynor (#14060-026) v. Adams County Sheriffs Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. Plaintiff must also show cause as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a). Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The Clerk is directed to send Plaintiff an *in forma pauperis* application and instructions along with a copy of this order.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff, presently in federal custody at the metropolitan Correctional Center, Chicago, Illinois, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983 but has failed to submit a properly certified application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff makes a variety of claims against Defendants Adams County Sheriff's Department and the Metropolitan Correctional Center, including violated his constitutional rights by being deliberately indifferent to a serious medical condition, multiple claims about the conditions of his confinement, and claims of retaliation. More specifically, Plaintiff alleges that he has suffered from amnesia due to a fall that occurred at the Adams County Jail on July 11, 2012, that both institutions failed to provide him adequate medical care, and that the conditions of confinement at the Adams County Jail violated his constitutional rights. He further alleges that he is being kept in segregation at the MCC until he signs a document absolving MCC personnel from liability.

Plaintiff has failed to submit an application to proceed *in forma pauperis* that is certified by a jail or prison official, and which includes trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis*, he must file a signed i.f.p. application on the Court's required form, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from January 31, 2012, through July 31, 2012]. A jail official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, Plaintiff may pay the full $350 statutory filing fee. Failure to complete the required form fully or to otherwise comply with this order will result in dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

Plaintiff must also show cause as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, it appears on the face of the complaint the Plaintiff could not have exhausted his administrative remedies prior to filing suit. Plaintiff affirmatively pleads that the actions and inactions underlying his complaint began on July 9, 2012, and continue at present. Plaintiff signed his complaint on July 22, 2012. It seems clear from the face of Plaintiff's complaint that he can not have exhausted the administrative remedies available to him at the Metropolitan Correctional Center prior to filing suit on July 30, 2012.

However, the Court will provide Plaintiff an opportunity to establish exhaustion, before dismissing this suit. Plaintiff is ordered to show cause in writing, within thirty days of the date of this order, why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to adequately establish exhaustion will result in this case being dismissed without prejudice to Plaintiff filing a new complaint, once he has exhausted.

In sum, if after considering the provisions of the Prison Litigation Reform Act Plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) show cause, in writing as to why this case should not be dismissed for failure to exhaust administrative remedies prior to filing suit. As with every document filed with the Court, Plaintiff must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named Defendant. The Clerk will provide Plaintiff with an *in forma pauperis* application and instructions along with a copy of this order. If Plaintiff fails to comply with the above directives within thirty days, the Court will dismiss the case, on the understanding that Plaintiff does not wish to pursue this lawsuit.