# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5988 | **DATE** | August 31, 2012 |
| **CASE TITLE** | Gregory Maynor (#14060-026) v. Adams County Sheriffs Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#7] is granted and the initial partial filing fee is waived. The Court authorizes and orders Metropolitan Correctional Center officials to deduct funds from Plaintiff's account in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, at the Metropolitan Correctional Center to facilitate compliance. Plaintiff's motion to proceed without having to exhaust his administrative remedies [#9] is denied. The Court dismisses the complaint on file without prejudice for failure to exhaust administrative remedies. This case is closed. All other pending motions are denied as moot.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

     Plaintiff, presently in federal custody at the Metropolitan Correctional Center, Chicago, Illinois, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff makes a variety of claims against Defendants Adams County Sheriff's Department and the Metropolitan Correctional Center, including violated his constitutional rights by being deliberately indifferent to a serious medical condition, multiple claims about the conditions of his confinement, and claims of retaliation. More specifically, Plaintiff alleges that he has suffered from amnesia due to a fall that occurred at the Adams County Jail on July 11, 2012, that both institutions failed to provide him adequate medical care, and that the conditions of confinement at the Adams County Jail violated his constitutional rights. He further alleges that he is being kept in segregation at the MCC until he signs a document absolving MCC personnel from liability.

     On August 7, 2012, the Court ordered Plaintiff to submit a properly completed and certified i.f.p. application. Plaintiff has submitted the i.f.p. application and the motion is granted. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at the Metropolitan Correctional Center shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     However, the Court also ordered Plaintiff to show cause as to why his complaint should not be dismissed for failing to exhaust administrative remedies prior to filing suit as required under 42 U.S.C. § 1997e(a).
**(CONTINUED)**

     AWL

# STATEMENT

Plaintiff responded with a motion seeking to be exempted from the exhaustion requirement because of the immediacy of his need for medical care to treat his amnesia, and because he is awaiting an answer to his grievance. The motion is denied.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, it appears on the face of Plaintiff's complaint that he could not have exhausted his administrative remedies prior to filing suit, and now he has filed a motion seeking to be exempted from the requirement, admitting that he has not completed the grievance process, prior to filing suit. Accordingly, the matter is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff must file a new suit that postdates the full administrative exhaustion procedure if he plans on refiling the present action. *See Ford*, 362 F.3d at 401. Any other pending motions are denied as moot.